Mr. Justice Clayton
delivered the opinion of the court.
The question of the jurisdiction of the chancery court to entertain a bill for the recovery of slaves, without a specific allegation or the pretium affectionis, is settled by the case of Butler v. Hicks, 11 S. & M. 78. The very fact of filing such bill, carries with it a presumption that the property is preferred to damages for its recovery. ,
The proof in this case sufficiently establishes that the slaves in controversy belonged to the intestate of the defendant, and that Dorsey, the former administrator, made a supposed sale of them. But it- is clearly shown that he made no attempt to obtain an order of court to authorize the sale, and that, in truth, the sale took place without any authority. It therefore passed no title to the purchaser. Cable v. Martin & Bell, 1 How. R. 558; Edmundson v. Roberts, 2 How. 822.
As there was no valid administration of these effects, the sale was void, and the right of property was not changed. It was consequently competent for «the administrator de bonis non to sue for and recover it. Byrd v. Holloway, 6 S. & M. 325.
The plea of purchase by the appellant’s intestate, from the original purchaser, for valuable consideration without notice, cannot protect him. If his vendor had no title, he procured none by his purchase. The question of notice or want of notice is unimportant. Ventress v. Smith, 10 Peters, 16; 11 S. & M. 86.
As to the hires, although there is no specific prayer for them, they are embraced by the prayer for general relief.
On the whole, no error is perceived in the decree, and the same is affirmed.